IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

FEDERAL INSURANCE COMPANY,

    Plaintiff,

vs.                                                            No. CIV 99-1035 JC/RLP

TERRY ALAN MORE, a/k/a FAIN T. GONCE, ALAN
RICHARD MORE, a/k/a RICHARD ALAN GONCE,
ANDREA THOMAS, a/k/a ANDREA MORE or ANDREA
JANE MORE, WHITE WOLF IRREVOCABLE LIVING
TRUST, ERIC ZESSMAN, LARRY EUGENE FORKER,
STAN MITCHELL, a/k/a STAN MITCHELLI or STAN
MICHELLI or GROVER McKNIGHT, BLACK BEAR
RANCH, F.A.C.C.T. TRUST and JAMES V. NIX, TRUSTEE,
NUTRIOSO LOG WORKS, INC.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER came on for consideration of Defendant Eric Zessman's Motion to Dismiss Eric Zessman from Complaint Pursuant to Federal Rules of Procedure Rule 12, filed October 21, 1999 *(Doc. 18)*. The Court has reviewed the motion, the memoranda submitted by the parties and the relevant authorities. The Court finds that the motion is not well taken, and will be denied.

**I.**    **Factual Background**

Plaintiff Federal Insurance Co. contends that Defendants participated in an armed robbery of the United Coin Machine Company in Las Vegas, Nevada. The alleged robbery netted over 1.6 million dollars in coins and currency for the perpetrators. Plaintiff asserts that Defendants used proceeds of the robbery to purchase real and personal property in New Mexico, including kits to build log homes on the New Mexico real property.

As its insurer, Plaintiff reimbursed the United Coin Machine Company for the loss, and now seeks recovery of the real property and any other proceeds from the robbery. Defendant Eric Zessman, currently incarcerated and facing a criminal trial in Nevada for the robbery, brings this motion to dismiss.. Mr. Zessman advances two reasons to support his motion. First, that because he has yet to be convicted of any crime, Plaintiff cannot prove that Mr. Zessman is liable for their loss, and thus the complaint against him is insufficient under FED. R. CIV. P. 12(b)(6). Second, Mr. Zessman argues that the civil action against him infringes upon his constitutional rights in the pending criminal action and therefore should be dismissed. Each argument is discussed below in turn.

## II. <u>Analysis</u>

### A. **Sufficiency of the Complaint**

A complaint may be dismissed pursuant to Rule 12(b)(6) only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Sutton v. Utah State Sch. for the Deaf and Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). In considering a motion to dismiss under Rule 12(b)(6), all factual allegations in the complaint must be accepted as true, and all reasonable inferences drawn in the plaintiff's favor. *See GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir.1997). Therefore, for the purposes of this motion, the Court accepts all well-pleaded factual allegations of Plaintiff's claims as true and construes them in favor of Plaintiff. *See id.*

With this standard in mind, it is clear that Plaintiff has presented sufficient facts to overcome a motion to dismiss. Plaintiff claims that Mr. Zessman was an active participant in the armed robbery of its insured. *See* Plaintiff Federal Insurance Co.'s Compl. at 2, filed September 15, 1999 *(Doc. 1)*.

After the robbery, Defendants laundered the money and purchased real and personal property in New Mexico. *See id.* at 3. During one of these transactions, Defendant Larry Forker purchased 19.01 acres of land and conveyed it to Mr. Zessman. *See id.* at 5.

Mr. Zessman has not denied any of these facts, instead he argues that because he has not been convicted of any crime, Plaintiff cannot prove he is liable for the loss. *See* Defendant Zessman's Mot. to Dismiss at 3, line 9-14, filed October 21, 1999 *(Doc. 18)*. However, Mr. Zessman's argument fails in that the standards for criminal and civil liability are different. In a criminal action, the state must prove that the accused is guilty *beyond a reasonable doubt*. In a civil action, the plaintiff must prove only that the defendant is liable *by the greater weight of the evidence*. Thus, it is conceivable that Mr. Zessman can still be found liable for Plaintiff's loss even if he is eventually acquitted of the robbery charges he currently faces.

Accordingly, Plaintiff has alleged sufficient facts against Mr. Zessman. Mr. Zessman has failed to refute those facts. Hence, Defendant Zessman's motion to dismiss pursuant to Rule 12(b)(6) is not well taken and will be denied.

### B. Concurrent Criminal Proceedings

Defendant Zessman also argues that because he is currently facing criminal prosecution for the armed robbery in Nevada, the civil proceedings against him threaten the constitutional rights to which he is entitled in the criminal proceeding. Although he cites no legal authority, pleadings filed pro se are held "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). The *Haines* rule applies to "all proceedings involving a pro se litigant." *Hall v. Bellmon*, 935 F.2d 1106, 1110 n.3 (10th Cir.1991).

Nevertheless, while the liberal construction of a pro se party's pleading precludes judgment against the party based solely on his "failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements," *Hall* at 1110, it will not relieve a party of his burden of presenting sufficient facts to support his allegations. Therefore, Mr. Zessman is still under an obligation to establish that two concurrent proceedings present such a danger to his constitutional rights as to warrant dismissal of the civil case.

Specifically, Mr. Zessman faces a situation in which he must choose whether or not to exercise his Fifth Amendment right to remain silent. *See* U.S. CONST. amend. V. If he chooses to remain silent in the civil case, he faces the possibility of summary judgment being entered against him.[1] On the other hand, if Mr. Zessman chooses to present evidence in response to the civil claims against him, he faces the possibility that such evidence could be used against him in the criminal proceeding.

Unfortunately for Mr. Zessman, dismissal of a federal civil action pending final judgment of a state criminal proceeding is not the proper remedy for his predicament. *See Simpson v. Rowan*, 73 F.3d 134, 138-9 (7th Cir. 1995). However, the Court does have other options available. For instance, while not required by the Constitution, a court has discretion to stay civil proceedings when the interests of justice seem to require such action. *Kashi v. Gratsos*, 790 F.2d 1050, 1057 (2d Cir.1986). A stay allows the state case to go forward "without interference from its federal

---

[1] A civil litigant may legitimately use the Fifth Amendment to avoid having to answer inquiries during any phase of the discovery process. *See, e.g., Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973). However, a party who asserts the privilege against self incrimination must bear the consequence of lack of evidence. *See United States v. Taylor*, 975 F.2d 402, 404 (7th Cir. 1992).

sibling, while enforcing the duty of federal courts to assume jurisdiction where jurisdiction properly exists." *See Deakins v. Monaghan*, 484 U.S. 193, 202-03 (1988). A stay is just one of several procedures available to the district court to balance the interests of the other parties in moving forward with the litigation against the interests of a defendant asserting Fifth Amendment rights who faces the choice of being prejudiced in the civil litigation if those rights are asserted or prejudiced in the criminal litigation if those rights are waived.[2] *See United States v. Certain Real Property and Premises Known As: 4003-4005 5th Ave.*, 55 F.3d 78, 84, n.6 (2d Cir.1995).

However, a stay of these proceedings as to Zessman risks substantial prejudice to the Plaintiff. Plaintiff alleges significant monetary losses. Thus, Plaintiff's interest in proceeding with the civil trial as soon as possible, with the intention of preserving the subject of the lawsuit, money and property in the possession of Defendants is justified. The public has little direct interest in this case, other than to support the efficient and fair distribution of justice in both civil and criminal proceedings. Similarly, the Court is substantially interested in judicial economy, though not at the expense of a party's constitutional rights. Lastly, it is in Mr. Zessman's interest to delay any civil proceedings until after the conclusion of the criminal proceedings, in order to preserve his right to remain silent.

Considering the interests of the parties, the Court and the public, a stay is not necessary in this case at this time. Given the nature of Plaintiff's case, Plaintiff would be highly prejudiced if it was required to dismiss its case against one of the defendants, only to file it later and then attempt to reconsolidate the cases to "catch up" to the rest of the proceedings. Because Mr. Zessman's criminal

---

[2] Other approaches include: entering a protective order prohibiting the use of the civil litigant's responses in any criminal proceeding in that district, a stay of discovery or a stay of the civil action, arranging for immunity to ensure that a civil litigant will not be prosecuted for their statements. *See United States v. Certain Real Property and Premises Known As: 4003-4005 5th Ave.*, 55 F.3d 78, 84, n.6 (2d Cir.1995). Obviously, "the appropriate procedure will vary from cases to case. " *Id.*

trial is fast approaching,[3] and discovery has yet to begin in the civil proceeding, Mr. Zessman currently may utilize his Fifth Amendment right to remain silent without fear of civil reprisal. By the time discovery begins in these civil proceedings, Mr. Zessman will be able to cooperate with discovery unconstrained.

If, as Mr. Zessman contends, his criminal proceedings are significantly delayed or indefinitely continued, the Court may consider other alternatives in order to protect Mr. Zessman's constitutional rights without unnecessarily burdening Plaintiff's civil proceedings. However, as other alternatives are currently unwarranted, the Court need not discuss them here. Therefore, because Mr. Zessman's motion is not well taken and no action is necessary at this time, Mr. Zessman's motion to dismiss will be denied.

Wherefore,

IT IS HEREBY ORDERED that Defendant Eric Zessman's Motion to Dismiss Eric Zessman from Complaint Pursuant to Federal Rules of Procedure Rule 12 *(Doc. 18)* is **denied.**

DATED this 15th day of December, 1999.

_____
**CHIEF UNITED STATES DISTRICT JUDGE**

Counsel for Plaintiff:	Mark L. Ish
	Felker, Ish, Ritchie & Geer, P.A.
	Santa Fe, New Mexico

Defendant Pro Se:	Eric Zessman
	Jean, Nevada

---

[3] Mr. Zessman's criminal trial is set for December 20, 1999.