# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

FEDERAL INSURANCE COMPANY,

    Plaintiff,

vs.                                                               No. CIV 99-1035 JC/RLP

TERRY ALAN MORE, a/k/a FAIN T. GONCE, ALAN
RICHARD MORE, a/k/a RICHARD ALAN GONCE,
ANDREA THOMAS, a/k/a ANDREA MORE or ANDREA
JANE MORE, WHITE WOLF IRREVOCABLE LIVING
TRUST, ERIC ZESSMAN, LARRY EUGENE FORKER,
STAN MITCHELL, a/k/a STAN MITCHELLI or STAN
MICHELLI or GROVER McKNIGHT, BLACK BEAR
RANCH, F.A.C.C.T. TRUST and JAMES V. NIX, TRUSTEE,
NUTRIOSO LOG WORKS, INC.,

    Defendants.

## **MEMORANDUM OPINION AND ORDER**

THIS MATTER came on for consideration of Defendant Eric Zessman's (Second) Motion to Dismiss Defendant Zessman from this Cause of Action for Lack of Jurisdiction, filed January 10, 2000 *(Doc. 46)*. The Court has reviewed the motion, the memoranda submitted by the parties and the relevant authorities. The Court finds that the motion is not well taken, and will be denied.

**I.**     **Factual Background**

Plaintiff Federal Insurance Company contends that Defendants, Mr. Zessman among them, participated in an armed robbery of the United Coin Machine Company in Las Vegas, Nevada. The alleged robbery netted over $1.6 million in coins and currency for the perpetrators. As its insurer, Plaintiff reimbursed the United Coin Machine Company for the loss, and now seeks recovery of real property purchased with stolen money and any other proceeds from the robbery.

Plaintiff asserts that Defendants used proceeds of the robbery to purchase real and personal property in New Mexico. Plaintiff further alleges that Defendants engaged in an elaborate money laundering scheme in which they formed trusts and other business entities in order to take title to the property purchased with the stolen funds. Defendant Eric Zessman brings this motion to dismiss for lack of jurisdiction. In support of his motion, Mr. Zessman points to a parallel cause of action against him in Nevada which he claims precludes suit in this jurisdiction.

## II.     Analysis

According to Defendant, Plaintiff has filed another case against Mr. Zessman in Nevada State Court asserting many of the same allegations made in this case. Mr. Zessman has included a copy of the state complaint with his motion. *See* Exhibit A, attached to Defendant Zessman's Second Motion to Dismiss. From the state complaint, it is clear that the named Plaintiffs are not the same as in this case. However, Mr. Zessman has drawn to this Court's attention the similarity between the causes of action in each case and the alleged facts underlying each claim. *See id.* It is clear that both cases arise out of the same incident described in the preceding section of this opinion.

Because of the concurrent suits against him, Mr. Zessman claims that this Court lacks jurisdiction pursuant to FED. R. CIV. P. 12(b)(1). Federal jurisdiction to resolve cases on the merits requires both subject matter jurisdiction over the claim and personal jurisdiction over the parties. However, the memorandum in support of his motion does not clarify whether the basis of his jurisdictional argument is lack of subject matter jurisdiction or lack of personal jurisdiction.

Mr. Zessman is proceeding *pro se.* Pleadings filed *pro se* are generally held "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520-21(1972). Therefore, given the flexibility afforded *pro se* litigants, in considering Mr. Zessman's motion to

dismiss, the Court will examine Plaintiff's grounds for both subject matter and personal jurisdiction over Mr. Zessman. In addition, Mr. Zessman also argues that this Court should abstain from exercising its jurisdiction while allowing the state court action to proceed. Therefore, the Court will also consider whether abstention is appropriate in this case.

### A.     Subject Matter Jurisdiction over Defendant Zessman

Plaintiff pleads subject matter jurisdiction in this Court on the basis of diversity. Article III of the Constitution authorizes federal court jurisdiction for suits between citizens of different states. The necessary statutory authorization for such jurisdiction, termed diversity jurisdiction, is found in 28 U.S.C. § 1332 (1996) which states that "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1).

In this case, Plaintiff is an insurance company incorporated in the State of Indiana, with its principal place of business in New Jersey. Excepting Defendant Nutrioso Log Works, Inc., Defendants, including Eric Zessman, are residents of the State of Nevada. Nutrioso Log Works, Inc., is a company organized in and doing business in the State of Arizona. Therefore, there is complete diversity among the parties. Furthermore, Defendants are alleged to have stolen over a million dollars and used the money to purchase property in New Mexico. Thus, the amount in controversy clearly exceeds the required $75, 000 for diversity jurisdiction. Accordingly, this Court has subject matter jurisdiction over the claims.

### B.     Personal Jurisdiction over Defendant Zessman

To obtain personal jurisdiction over a nonresident defendant in a diversity action, "a plaintiff must show that jurisdiction is legitimate under the laws of the forum state and that the exercise of

jurisdiction does not offend the due process clause of the Fourteenth Amendment." *Far West Capital, Inc. v. Towne,* 46 F.3d 1071, 1074 (10th Cir. 1995). In New Mexico, a three-part test determines a court's personal jurisdiction over a defendant. A plaintiff must show 1) that the defendant committed one of the acts enumerated in the [New Mexico long- arm] statute,[1] 2) that the cause of action arises from that act, and 3) that the defendant's contacts with the state of New Mexico are sufficient to satisfy the due process requirements of the federal Constitution by comporting with "traditional notions of fair play and substantial justice." *See Sunwest Silver, Inc. v. International Connection, Inc.,* 4 F. Supp.2d 1284, 86 (D.N.M. 1998); *Salas v. Homestake Enters., Inc.,* 106 N.M. 344, 345, 742 P.2d 1049, 1050 (1987).

In this case, Mr. Zessman is alleged to have participated in a scheme to use stolen funds to purchase real property in New Mexico under the guise of a trust entity. Accordingly, Mr. Zessman could be considered to have transacted business in this state through the sale and purchase of land in New Mexico. Because the money used in the property transactions was allegedly stolen, Mr. Zessman can also be said to have committed a tort in this jurisdiction. Furthermore, the suit arises from the property transfers that are the basis for Mr. Zessman's contacts with New Mexico.

---

[1] New Mexico's long-arm statute provides in pertinent part as follows:

   A. Any person, whether or not a citizen or resident of this state, who in person or through an agent does any of the acts enumerated in this subsection thereby submits himself or his personal representative to the jurisdiction of the courts of this state as to any cause of action arising from:

   (1) the transaction of any business within this state;
   . . .
   (3) the commission of a tortious act within this state; . . .

   C. Only causes of action arising from acts enumerated in this section may be asserted against a defendant in an action within which jurisdiction is based upon this section.

NMSA 1978, § 38-1-16.

Finally, Mr. Zessman's contacts with the state of New Mexico are such that the exercise of personal jurisdiction over him would comport with "traditional notions of fair play and substantial justice." It was entirely foreseeable that Mr. Zessman's alleged actions could lead to Mr. Zessman having to defend himself in this state. Given that the land is in New Mexico and the alleged money laundering took place in New Mexico, personal jurisdiction over Mr. Zessman is more than reasonable. Thus, the requirements for personal jurisdiction over Mr. Zessman have been met.

### C. Abstention is Not Applicable in This Case

Although federal courts have a "virtually unflagging obligation" to exercise jurisdiction granted them, *see Deakins v. Monaghan*, 484 U.S. 193, 203 (1988) (quoting *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976)), they must on rare occasions abstain from exercising their jurisdiction in order to "avoid undue interference with states' conduct of their own affairs." *Seneca-Cayuga Tribe v. Oklahoma*, 874 F.2d 709, 711 (10th Cir.1989). This is not one of those occasions.

In actions concerning real property, or *in rem* proceedings, [2] whichever court has jurisdiction first is entitled to exclusive jurisdiction over the matter and can even enjoin other courts from hearing the case. *See Donovan v. City of Dallas*, 377 U.S. 408, 412 (1964); *O'Hare Intern. Bank v. Lambert,* 459 F.2d 328 (10th Cir. 1972); *Princess Lida v. Thompson*, 305 U.S. 456, 465-68 (1939), *but see Shaffer v. Heitner*, 433 U.S. 186 (1977) (jurisdiction based on *in rem* proceedings must still

---

[2] "A judgment *in rem* affects the interests of all persons in designated property. A judgment *quasi in rem* affects the interests of particular persons in designated property. The latter is of two types. In one, the plaintiff is seeking to secure a property and to extinguish or establish the nonexistence of similar interests of particular persons. In the other, the plaintiff seeks to apply what he concedes to be the property of the defendant to the satisfaction of a claim against him. RESTATEMENT, JUDGMENTS, 5-9." *Hanson v. Denckla,* 357 U.S. 235, 246 n.12 (1958). I will refer to both types of judgments as *in rem*. *See id.*

comport with the minimum contacts requirement of *International Shoe Co. v. Washington,* 326 U.S. 310 (1945)). This procedure was specifically designed to avoid inconsistent dispositions of property. *See Colorado River*, 424 U.S. 800, 819 (1976).

In this instance, the subject matter of the claims against Mr. Zessman includes the disposition or recovery of real property in New Mexico allegedly purchased with the stolen funds. Thus, the first court with *in rem* jurisdiction over the New Mexico property may retain jurisdiction. Plaintiff filed this case in the United States District Court for the District of New Mexico on September 15, 1999, *see* Complaint *(Doc. 1)*, three months before the Nevada case was filed. *See* Exhibit A, attached to Defendant Zessman's (Second) Motion to Dismiss. Accordingly, this Court has exclusive jurisdiction over the claims asserted in regards to the New Mexico property. *See FDIC v. Four Star Holding Co.*, 178 F.3d 97, 102 (2nd Cir. 1999).

As for any claims which do not touch or concern the New Mexico property, the general rule has long been established that the existence of a case in one court does not defeat jurisdiction in another. For example, in 1877, the Supreme Court declared: "[T]he pendency of a prior suit in another jurisdiction is not a bar . . . even though the two suits are for the same cause of action." *Stanton v. Embrey*, 93 U.S. 548, 554 (1877). *See also Princess Lida v. Thompson*, 305 U.S. 456 (1939) (where the judgment sought is strictly *in personam*, courts having concurrent jurisdiction may proceed with the litigation at least until judgment is obtained in one of them which may be set up as *res judicata* in the other). Thus, despite the similarity among the parties and the essential underlying facts of the two cases, their concurrent procession is not prohibited, even if the claims are the same.

For the foregoing reasons, Defendant Eric Zessman's (Second) Motion to Dismiss for Lack of Jurisdiction will be denied.

Wherefore,

IT IS HEREBY ORDERED that Defendant Eric Zessman's Motion to Dismiss Defendant Zessman from this Cause of Action for Lack of Personal Jurisdiction, filed January 10, 2000 *(Doc. 46)*, is **denied**.

DATED this 8th day of March, 2000.

_____
**CHIEF UNITED STATES DISTRICT JUDGE**

Counsel for Plaintiff:     Mark L. Ish
Felker, Ish, Ritchie & Geer, P.A.
Santa Fe, New Mexico

Defendant *pro se*:     Eric Zessman
Jean, Nevada