IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

FEDERAL INSURANCE COMPANY,

    Plaintiff,

vs.                                          No. CIV 99-1035 JC/RLP

TERRY ALAN MORE, a/k/a FAIN T. GONCE, ALAN
RICHARD MORE, a/k/a RICHARD ALAN GONCE,
ANDREA THOMAS, a/k/a ANDREA MORE or ANDREA
JANE MORE, WHITE WOLF IRREVOCABLE LIVING
TRUST, ERIC ZESSMAN, LARRY EUGENE FORKER,
STAN MITCHELL, a/k/a STAN MITCHELLI or STAN
MICHELLI or GROVER McKNIGHT, BLACK BEAR
RANCH, F.A.C.C.T. TRUST and JAMES V. NIX, TRUSTEE,
NUTRIOSO LOG WORKS, INC.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER came on for consideration of Defendant James V. Vix's Motion to Dismiss under FED. R. CIV. P. 12(b)(6), filed November 29, 1999 *(Doc. 26)*. The Court has reviewed the motions, the memoranda submitted by the parties and the relevant authorities. At this time, the Court finds that Defendant Vix's motion will be converted to a motion for summary judgment. Therefore, a ruling on the motion will be deferred until supplemental briefs, if any, are filed.

**I.**    **Factual Background**

Plaintiff Federal Insurance Company contends that Defendants participated in an armed robbery of the United Coin Machine Company in Las Vegas, Nevada. The alleged robbery netted over $1.6 million in coins and currency for the perpetrators. Plaintiff asserts that Defendants used proceeds of the robbery to purchase real and personal property in New Mexico. Plaintiff further

alleges that Defendants engaged in an elaborate money laundering scheme in which they formed trusts and other business entities in order to take title to the property purchased with the stolen funds.

As part of the scheme, Plaintiff alleges that Defendant Vix, acting as trustee for Black Bear Ranch F.A.C.C.T. trust, sold, conveyed or transferred portions of the real property to Defendants Gonce/More or White Wolf Trust. As its insurer, Plaintiff reimbursed the United Coin Machine Company for the loss, and now seeks recovery of the real property or any other proceeds from the robbery.

Defendant Vix brings this motion to dismiss for failure to state a claim under FED. R. CIV. P. 12(b)(6). Mr. Vix claims that he is wrongfully named as a defendant having acted merely as a trustee and having no involvement in the scheme to launder the stolen money.

## II. Analysis

A complaint may be dismissed pursuant to Rule 12(b)(6) only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Sutton v. Utah State Sch. for the Deaf and Blind*, 173 F.3d 1226, 1236 (10th Cir 1999) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). In considering a motion to dismiss under Rule 12(b)(6), all factual allegations in the complaint must be accepted as true, and all reasonable inferences drawn in the plaintiff's favor. *See GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir.1997).

However, "where matters outside of the pleadings are presented and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in FED. R. CIV. P. 56." FED. R. CIV. P. 12(b). Under Rule 56, summary judgment is appropriate if "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment

as a matter of law." FED. R. CIV. P. 56(c). The Federal Rules of Civil Procedure provide that it is the movant's burden to demonstrate the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 321-23 (1986). Once the movant has made such a showing, the adverse party "may not rest upon the mere allegations or denials of [their] pleading[s], but . . . must set forth specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56(e). When applying the summary judgment standard, "[t]he evidence must be viewed in the light most favorable to the nonmoving party." *Frandsen v. Westinghouse Corp.*, 46 F.3d 975, 977 (10th Cir. 1995).

Defendant Vix is sued in his capacity as the trustee of the Black Bear Ranch Trust, an entity which Plaintiff alleges holds title to property purchased with the robbery proceeds. *See* Complaint, ¶ 13, filed September 15, 1999 *(Doc. 1)*. Defendant denies any participation in the activities alleged by Plaintiff. In support of his motion, Defendant Vix has submitted an affidavit in which he indicates that he is no longer trustee of the Black Bear Ranch Trust, having resigned from that position in May 1999. *See* Affidavit of James V. Vix, attached to Defendant's Motion to Dismiss, filed November 29, 1999 *(Doc. 27)*. Furthermore, Defendant Vix contends that he has not met or heard of the other defendants, and that, as trustee, his duties were very limited. *See id.* Finally, Mr. Vix claims that he resigned his position as trustee in May of 1999. *See id.*

In light of Defendant's submission, I will review this motion under the summary judgment standard.[1] In order to convert a motion to dismiss into a summary judgment motion, Rule 12(b) requires that the trial court "give the parties notice of the changed status of the motion and thereby

---

[1] Plaintiff provided no additional materials to assist the Court in the disposition of this motion. *See* Plaintiff's Response in Opposition to Defendant Vix's Motion to Dismiss, filed December 7, 1999 *(Doc. 31)*. Plaintiff simply argues that as trustee of the Black Bear Ranch trust, Defendant Vix is a proper party. *See id.* Plaintiff does not address Defendant Vix's assertion that he is no longer the trustee of the property.

provide the parties to the proceeding the opportunity to present to the court all material made pertinent to such motion by Rule 56." *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991) (quoting *Ohio v. Peterson, Lowry, Rall, Barber & Ross*, 585 F. 2d 454, 457 (10th Cir. 1978)). Therefore, this Memorandum Opinion and Order will serve as notice to both parties that Defendant Vix's motion to dismiss will be converted to a motion for summary judgment. Consequently, the Court will permit supplemental briefing and materials related to whether or not Defendant Vix is a proper party to this lawsuit.

Wherefore,

IT IS HEREBY ORDERED that the Court's ruling on Defendant James V. Vix's Motion to Dismiss under FED. R. CIV. P. 12(b)(6), filed November 29, 1999 *(Doc. 26)*, is deferred until supplemental briefs, if any, are filed.

IT IS FURTHER ORDERED that each party shall file supplemental briefs and materials, if any, no later than 20 days from the entry of this Memorandum Opinion and Order.

DATED this 8th day of March, 2000.

_____
CHIEF UNITED STATES DISTRICT JUDGE

Counsel for Plaintiff:    Mark L. Ish
                          Felker, Ish, Ritchie & Geer, P.A.
                          Santa Fe, New Mexico

Counsel for Defendant:    James V. Vix
                          Las Vegas, Nevada