**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

FEDERAL INSURANCE COMPANY,

        Plaintiff,

       vs.                                                  No. CIV 99-1035 JC/RLP

TERRY ALAN MORE, a/k/a FAIN T. GONCE, ALAN
RICHARD MORE, a/k/a RICHARD ALAN GONCE,
ANDREA THOMAS, a/k/a ANDREA MORE or ANDREA
JANE MORE, WHITE WOLF IRREVOCABLE LIVING
TRUST, ERIC ZESSMAN, LARRY EUGENE FORKER,
STAN MITCHELL, a/k/a STAN MITCHELLI or STAN
MICHELLI or GROVER McKNIGHT, BLACK BEAR
RANCH, F.A.C.C.T. TRUST and JAMES V. NIX, TRUSTEE,
NUTRIOSO LOG WORKS, INC.,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

THIS MATTER came on for consideration of a number of motions. The Court has reviewed the motions, the memoranda submitted by the parties and the relevant authorities. The Court finds that a) Defendant Grover Knight [a/k/a Stan Mitchelli's] Motion for to [sic] Challenge and Change Venue, filed, February 25, 2000 *(Doc. 58)*, is denied; b) Defendant Richard A. Gonce Motion for Leave to File Late Answer to Complaint, filed March 6, 2000 *(Doc. 66)*, and Defendant Fain T. Gonce Motion for Leave to File Late Answer to Complaint, filed March 20, 2000 *(Doc. 68)*, are granted; c) Defendant's Zessman [sic] Motion for Rehearing and Clarification of Court's Order of March 8, 2000 and Zessman's Motion for Dismissal for Lack of Jurisdiction, filed March 27, 2000 *(Doc. 72)*, is denied; d) Defendant Zessman's Objection to U. S. Magistrate [Judge]'s Order of May 4, 2000 (Doc. 81) as pursuant to F.R.C.P. Rule 72(A), filed May 15, 2000 *(Doc. 83)*, is denied;

and e) Summary Judgment Motion as Defendant Zessman Pursuant Fed. R. Civ. P. Rule 56 [sic], filed August 21, 2000 *(Doc. 92)*, is denied.

## Background

Plaintiff Federal Insurance Company contends that various Defendants conspired to and participated in an armed robbery of the United Coin Machine Company in Las Vegas, Nevada. The alleged robbery netted over $1.6 million in coins and currency for the perpetrators. As its insurer, Plaintiff reimbursed the United Coin Machine Company for the loss, and now seeks recovery of real property purchased with stolen money and any other proceeds from the robbery.

Plaintiff asserts that the Defendant robbers used proceeds of the robbery to purchase real and personal property in New Mexico. Plaintiff further alleges that those Defendants engaged in an elaborate money laundering scheme with the remaining Defendants, in which they formed trusts, entered contracts and exchanged currency in order to take title to the property purchased with the stolen funds.

## Discussion

**A.    Defendant Grover Knight, a/k/a Stan Mitchelli's
        Motion for Change of Venue**

In the first motion presently before the Court, Defendant Grover Knight, a/k/a Stan Mitchelli, moves the Court for a change of venue. See Def. Grover Knight [a/k/a Stan Michelli's] Motion, filed Feb. 25, 2000 *(Doc. 58)*. Defendant Knight argues that he was not involved in the alleged transactions and that the alleged transactions took place in Nevada, not New Mexico, thereby warranting the change of venue.

> When, as here, jurisdiction is based upon diversity of citizenship, venue is proper in:
>
> (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which the defendants are subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(a). At this stage of litigation, the standard for establishing venue is the same as for personal jurisdiction. *See M.K.C. Equip. Co., Inc. v. M.A.I.L. Code, Inc.*, 843 F. Supp. 679, 682 (D. Kan. 1994). Contrary to Defendant Knight's assertion, Plaintiff need not prove the merits of the case in order to establish venue. Instead, the allegations in the complaint must be taken as true to the extent they are uncontroverted by the defendants' affidavits *See Ten Mile Indus. Park v. Western Plains Serv. Corp.*, 810 F.2d at 1524 (10th Cir. 1987). However, the Court need only accept as true well pled facts of Plaintiff's complaint, as distinguished from conclusory allegations. *See id.*

In this case, the real and personal property which are the subject of Plaintiff's complaint are located within New Mexico. *See* Compl. at 2, filed Sept. 15, 1999 *(Doc. 1)*. Among the claims set forth by Plaintiff, Plaintiff alleges that proceeds from the robbery were used to purchase approximately 164 acres from Defendant Stan Mitchelli and/or the Black Bear Ranch Trust. *See id.* at 5. Defendant Knight, a/k/a Mitchelli, admits that he is and has been the manager of the Black Bear Ranch. *See* Def. Knight's Reply at 2, filed Mar. 14, 2000 *(Doc. 63)*. Plaintiff also alleges that Defendant Knight had reason to know that the circumstances surrounding the sale were indicative of an underlying crime. Defendant Knight has submitted no affidavits or evidence to contradict Plaintiff's claims, other than a general denial of his involvement. Based on Plaintiff's well-pled complaint, the Court finds that venue in this district is proper under 28 U.S.C. § 1391(a)(2) because

a substantial portion of the property in dispute is located in Catron County, New Mexico. Therefore, Defendant Knight's motion will be denied.[1]

**B.      Defendants Richard A. Gonce and Fain T. Gonce's
         Motions for Leave to File Late Answers**

Defendants Richard A. Gonce and Fain T. Gonce move the court for leave to file late answers. *See* Def. Richard A. Gonce['s] Mot. for Leave to File Late Answer to Compl., filed Mar. 6, 2000 *(Doc. 66)*, and Def. Fain T. Gonce['s] Mot. for Leave to File Late Answer to Compl., filed Mar. 20, 2000 *(Doc. 68)*.[2] As the basis for their motions, Defendants argue that they were unable to timely answer Plaintiff's Complaint because they were in intake in the Nevada State Department of Corrections. *See* Defs.' Mots. *(Docs. 66 and 68)*. Defendants argue that because no default judgment has been entered against them, Plaintiff would suffer no harm from the entry of their Answers. Plaintiff, on the other hand, points to the lengthy delay between the filing of the Complaint and Defendants' motions (a time period of over 4 months). Plaintiff also argues that Defendants' plea agreements to the underlying crimes restrict Defendants from laying claim to the proceeds of the robbery.

---

[1] The Court notes that even if the majority of Defendant Knight's involvement in the case occurred outside the state of New Mexico, venue in this district is not precluded. *See Setco Enters. Corp. v. Robbins*, 19 F.3d 1278, 1280-81 (8th Cir.1994) (stating that under the statute as amended, courts "no longer ask which district among the two or more potential forums is the 'best' venue. Rather, [they] ask whether the district the plaintiff chose had a substantial connection to the claim, whether or not other forums had greater contacts") *;Bates v. C & S Adjusters, Inc.*, 980 F.2d 865, 866-68 (2d Cir.1992) (noting that "the amended statute does not, as a general matter, require the District Court to determine the best venue").

[2] Defendants' motions are almost identical word for word. However, Plaintiff failed to file a response to Defendant Fain T. Gonce's motion. Given that Defendants' motions contain identical language and arguments, the Court will consider Plaintiff's Response to Defendant Richard A. Gonce's motion, filed March 13, 2000 *(Doc. 64)*, and Plaintiff's Supplemental Response to Defendant Richard A. Gonce's motion, filed March 23, 2000 *(Doc. 70)*, when ruling on Defendant Fain T. Gonce's motion. Likewise, the court will consider the arguments set forth in Defendant Richard Gonce's Reply brief, filed March 27, 2000 *(Doc. 71)*, when ruling on Defendant Fain T. Gonce's motion.

Under FED. R .CIV. P. 6(b), the district court has discretion to permit the late filing of an answer if the defendant can show that the delay was caused by "excusable neglect." *See Panis v. Mission Hills Bank, N.A.* 60 F.3d 1486, 1494 (10th Cir.1995) *cert. denied*, 516 U.S. 1160 (1996). Examining a similar provision for late filings in bankruptcy law, the Supreme Court explored the concept of "excusable neglect" in *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 388-89 (1993). The Court noted that the bankruptcy rule was patterned after FED. R. CIV. P. 6(b) and that Congress "plainly contemplated that courts could accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." *Id*. at 388.

In *City of Chanute v. Williams Natural Gas Co.*, the Tenth Circuit interpreted *Pioneer* as establishing the following four factor inquiry for determining whether circumstances constitute excusable neglect: 1) the danger of prejudice to the nonmoving party; 2) the length of the delay and its potential impact on judicial proceedings; 3) the reason for the delay, including whether it was within the reasonable control of the movant, and 4) whether the movant acted in good faith. *See City of Chanute*, 31 F.3d 1041, 1046 (10th Cir.1994), *cert. denied*, 513 U.S. 1191 (1995).

Applying the four factor inquiry to the facts of this case, the court first finds that there is little danger of prejudice to Plaintiff if Defendants' motions are granted. No default judgment has thus far been entered and therefore, Plaintiff will not be harmed by Defendants' continued involvement in the case. Second, the Court finds that while the four-month delay is excessive, discovery is continuing in the case and trial settings have been postponed. Therefore, judicial efficiency would not be compromised by permitting Defendants' answers to be filed. Third, Defendants maintain that the

reason for the delay was their mistaken belief that a default judgment was entered as soon as they failed to answer within 20 days. Finally, there is no evidence that Defendants are acting in bad faith.

For the foregoing reasons, the Court finds that Defendants' failure to file timely answers to the Complaint was the result of excusable neglect. Accordingly, Defendants Richard A. and Fain T. Gonce's Motions for Leave to File Late Answers *(Doc. 66 and 68)* will be granted.[3]

**C.    Defendant's Zessman's Motion for Rehearing
       of the Court's Order of March 8, 2000**

On January 10, 2000, Defendant Zessman moved the Court for dismissal of Plaintiff's claims against him on the basis of lack of jurisdiction. *See* Def. Eric Zessman's (Second) Mot. to Dismiss, filed Jan. 10, 2000 *(Doc. 46)*. Defendant Zessman, proceeding *pro se*, failed to specify whether the basis of his motion was lack of personal jurisdiction or lack of subject matter jurisdiction. Accordingly, the Court examined Plaintiff's grounds for both personal and subject matter jurisdiction, finding sufficient support for both and denying Mr. Zessman's motion. *See* Order, filed Mar. 8, 2000 *(Doc. 60)*. Defendant Zessman now moves the Court to reconsider it's decision. *See* Def.'s Zessman [sic] Mot. for Reh'g and Clarification of Court's Order of Mar. 8, 2000 and Zessman's Mot. for Dismissal for Lack of Jurisdiction, filed Mar. 27, 2000 *(Doc. 72)*.

As grounds for reconsideration, Mr. Zessman argues that if subject matter jurisdiction is based on diversity, Plaintiff has failed to allege sufficient damages against him. *See* 28 U.S.C. § 1332(a) (establishing amount in controversy for diversity jurisdiction at $75,000). Mr. Zessman contends that he is mentioned in the Complaint solely in reference to one $40,000 piece of property. However,

---

[3] Defendants Richard A. Gonce and Fain T. Gonce each filed a proposed Answer concurrent with their Motion. *See* Answer by Def. Alan Richard More (Richard A Gonce), filed Mar. 6, 2000 *(Doc. 67)*, and Answer by Def. Terry Alan More (Fain T. Gonce), filed Mar. 20, 2000 *(Doc. 69)*. Accordingly, the Court accepts the previously filed Answers, and Defendants need not file another in response to this Memorandum Opinion and Order.

Mr. Zessman's argument fails in that Mr. Zessman is alleged to have been an active participant in the armed robbery of the United Coin Machine Company and the subsequent money laundering scheme. Plaintiff's Complaint seeks relief against the defendants jointly for damages arising out of a single set of events. Therefore, as an alleged co-conspirator, Plaintiff's claim for recovery of the entire $1.6 million extends to Mr. Zessman and satisfies the amount in controversy requirement for diversity jurisdiction. Accordingly, Mr. Zessman's Motion to Reconsider *(Doc. 72)*, will be denied.

**D.     Defendant Zessman's Objection to
        U. S. Magistrate [Judge]'s Order of May  4, 2000**

Defendant Zessman also objects to the Magistrate Judge's Order of May 4, 2000 *(Doc. 81)* in which Magistrate Judge Puglisi granted Plaintiff's Motion for an Extension of Time for Expert Witness Disclosure and Discovery Deadlines, filed April 26, 2000 *(Doc. 78)*, a request for an extension of discovery deadlines pending Defendants' criminal trial. *See* Def. Zessman's Objection to U. S. Magistrate [Judge]'s Order of May 4, 2000, filed May 15, 2000 *(Doc. 83)*. Defendant Zessman argues that the requested extension contradicts Plaintiff's previously stated position that any delay in this case would be prejudicial. *See* Def. Zessman's Objection to U. S. Magistrate [Judge]'s Order *(Doc. 83)*.

Under Rule 72( a) of the Federal Rules of Civil Procedure, the district court shall consider objections made by the parties and shall modify or set aside any portion of the Magistrate Judge's order found to be clearly erroneous or contrary to law. *See* FED. R. CIV. P. 72(a). Because a Magistrate Judge is afforded broad discretion in the resolution of non-dispositive discovery disputes, a court will overrule the Magistrate Judge's determination only if this discretion is abused. *See Comeau v. Rupp*, 762 F. Supp. 1434, 1450 (D. Kan. 1991). The clearly erroneous standard

"requires that the reviewing court affirm unless it 'on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988) (quoting *United States v. United States Gypsum Co.*, 333 U. S. 364, 395 (1948)).

The extension of discovery deadlines is often necessary and frequently granted to clarify the issues and evidence in dispute. In this case, Plaintiff merely requested that the deadlines be extended. Plaintiff did not request that the case be stayed. Accordingly, Plaintiff's request was neither uncommon, nor unnecessarily broad. Furthermore, this was Plaintiff's first request for an extension, and Plaintiff requested that the settlement conference set for November not be vacated, indicating their continued desire to bring about a prompt resolution of the case. Thus, the Magistrate Judge was well within his discretion to grant Plaintiff's motion.

Therefore, the Court finds that the Magistrate Judge's Order, filed May 4, 2000 *(Doc. 81)*, was not clearly erroneous or contrary to law, and Defendant's objection will be denied.

**E.**     **Defendant Zessman's Summary Judgment Motion**

Defendant Zessman also seeks summary judgment in his favor. *See* Summ. J. Mot. as Def. Zessman Pursuant Fed. R. Civ. P. Rule 56 [sic], filed Aug. 21, 2000 *(Doc. 92)*. In support of his motion, Mr. Zessman merely states that Plaintiff cannot prove that he committed the underlying robbery and that there is no genuine issue of material fact.

Under FED. R. CIV. P. 56(c), summary judgment is appropriate when the court, viewing the record in the light most favorable to the non-moving party, determines that there is no genuine dispute over a material fact and the moving party is entitled to judgment as a matter of law. *See Thrasher v. B & B Chemical Co., Inc.*, 2 F.3d 995, 996 (10th Cir. 1993). The movant bears the

initial burden of showing "there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).

Taking the evidence in the light most favorable to Plaintiff, there certainly is a dispute over material issues of fact. Namely, whether or not Defendant Zessman, along with his co-defendants, is liable for money damages suffered by Plaintiff as a result of the alleged robbery and money laundering. While Defendant Zessman claims he is not responsible, Plaintiff alleges the exact opposite. Defendant points to no evidence to support his claim, nor to any of Plaintiff's evidence which should be disregarded. Defendant Zessman's unsupported denials are insufficient to establish that no genuine issues of material fact exist. *See Gonzales v. Miller Cas. Ins. Co. of Texas*, 923 F.2d 1417 (10th Cir. 1991). Based on the foregoing, Defendant Zessman has failed to meet the burden of proof required to prevail on a motion for summary judgment, and his motion for summary judgment will be denied.

Wherefore,

IT IS ORDERED that Defendant Grover Knight [a/k/a Stan Mitchelli's] Motion for to [sic] Challenge and Change Venue, filed February 25, 2000 *(Doc. 58)*, is hereby **denied**.

IT IS ORDERED that Defendant Richard A. Gonce['s] Motion for Leave to File Late Answer to Complaint, filed March 6, 2000 *(Doc. 66)*, and Defendant Fain T. Gonce['s] Motion for Leave to File Late Answer to Complaint, filed March 20, 2000 *(Doc. 68)*, are hereby **granted**.

IT IS ORDERED that Defendant's Zessman [sic] Motion for Rehearing and Clarification of Court's Order of March 8, 2000 and Zessman's Motion for Dismissal for Lack of Jurisdiction, filed March 27, 2000 *(Doc. 72)*, is hereby **denied**.

IT IS ORDERED that Defendant Zessman's Objection to U. S. Magistrate [Judge]'s Order of May 4, 2000 *(Doc. 81)* as Pursuant to F.R.C.P. Rule 72(A), filed May 15, 2000 *(Doc. 83)*, is hereby **denied**.

IT IS FINALLY ORDERED that Summary Judgment Motion as Defendant Zessman Pursuant Fed. R. Civ. P. Rule 56 [sic], filed August 21, 2000 *(Doc. 92)*, is hereby **denied**.

DATED this 2nd day of November, 2000.

_____
UNITED STATES DISTRICT JUDGE

Counsel for Plaintiff:

    Mark L. Ish
    Felker, Ish, Ritchie & Geer, P.A.
    Santa Fe, New Mexico

*Pro Se* Defendants:

    Eric Zessman
    Jean, Nevada

    Richard A. Gonce
    Jean, Nevada

    Fain T. Gonce
    Indian Springs, Nevada

    Grover Knight
    Las Vegas, Nevada