IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

FEDERAL INSURANCE COMPANY,

        Plaintiff,

        vs.                                        No. CIV 99-1035 JC/RLP

TERRY ALAN MORE, a/k/a FAIN T. GONCE, ALAN
RICHARD MORE, a/k/a RICHARD ALAN GONCE,
ANDREA THOMAS, a/k/a ANDREA MORE or ANDREA
JANE MORE, WHITE WOLF IRREVOCABLE LIVING
TRUST, ERIC ZESSMAN, LARRY EUGENE FORKER,
STAN MITCHELL, a/k/a STAN MITCHELLI or STAN
MICHELLI or GROVER McKNIGHT, BLACK BEAR
RANCH, F.A.C.C.T. TRUST and JAMES V. VIX, TRUSTEE,
NUTRIOSO LOG WORKS, INC.,

        Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on Defendant Zessman's Motion to Dismiss Plaintiff's Complaint, filed September 24, 2003 (*Doc. 118*); and Defendant Grover Knight's (a.k.a. "Stan Mitchelli") Motion for Summary Judgment and or Dismissal for Defendant Grover Knight aka Stan Mitchelli and Black Bear Ranch Pursuant to Rule 56 and or Rule 12(b)(6), filed August 4, 2003 (*Doc. 109*). Having reviewed the motions, memoranda and all relevant authority, the Court being fully advised, finds Defendant Zessman's Motion not well-taken and it is therefore denied. The Court further finds sufficient cause to withhold ruling on Defendant Knight's Motion until after the conclusion of discovery.

**I.**        **Factual Background**

Plaintiff, Federal Insurance Co., contends that Defendants participated in an armed

robbery of the United Coin Machine Company in Las Vegas, Nevada. The alleged robbery netted over 1.6 million dollars in coins and currency for the perpetrators. As its insurer, Plaintiff reimbursed the United Coin Machine Company for the loss and now seeks recovery of the real property and any other proceeds from the robbery. Plaintiff asserts that Defendants Alan More (a.k.a "Richard Gonce"), Terry More (a.k.a. "Fane Gonce") and Eric Zessman used proceeds of the robbery to purchase real and personal property in New Mexico, including kits to build log homes on the New Mexico real property. Defendant Knight acknowledges that these Defendants purchased certain real property from him. Specifically, Defendant Knight conveyed approximately 103 acres of Black Bear Ranch to the Gonce brothers.[1] Plaintiff contends that Defendant Knight knew or should have known that these purchases were made with proceeds from the robbery. In response, Mr. Knight claims that he had no knowledge nor could he have had knowledge that the Gonce brothers used funds from the robbery to purchase the acreage in question.

    Plaintiff also asserts that Defendant Knight knew or should have known that the commission he received from the Gonce brothers for helping them exchange U.S. currency for gold coins was directly traceable to the failed heist. Defendant Knight acknowledges that he received a commission for helping exchange the currency for gold coins; yet he maintains that he could not have known that the funds were the result of a robbery.

    Eric Zessman, currently incarcerated in a Nevada state prison, advances the argument that Plaintiff lacks standing to bring this suit against him.[2]

---

[1] Richard and Fain Gonce pleaded guilty to conspiracy to commit robbery and robbery in the District Court, Clark County, Nevada in 1999.

[2] Defendant Zessman pleaded guilty to the crime of conspiracy to commit robbery on May 21, 2003.

## II. Standard of Review[3]

"The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (quoting *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir.1991)). The court may not dismiss a cause of action for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the theory of recovery that would entitle him to relief. *Hospital Building Co. v. Trustees of Rex Hospital*, 425 U.S. 738, 746 (1976). The issue in reviewing the sufficiency of a complaint is not whether a plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

Pursuant to Federal Rule of Civil Procedure 56(c), the moving party bears the initial burden of presenting evidence to show the absence of a genuine issue of material fact. *Hom v. Squire*, 81 F.3d 969, 973 (10th Cir. 1996). In our circuit, "'[t]he moving party carries the burden of showing beyond a reasonable doubt that it is entitled to summary judgment.'" *Trainor v. Apollo Metal Specialties, Inc.,* 318 F.3d 976, 979 (10th Cir. 2002) (quoting *Hicks v. City of Watonga*, 942 F.2d 737, 743 (10th Cir. 1991)). Once this burden is met, Rule 56(e) requires the nonmoving party to set forth specific facts showing there is a genuine issue for trial. *Hom*, 81 F.3d at 973. The moving party may carry its initial burden either by producing affirmative evidence negating an essential element of the nonmoving party's claim, or by showing that the nonmoving party does

---

[3] Although both Defendants assert that their motions are pursuant to 12(b)(6), the Court will construe Defendant Knight's motion as a motion for summary judgment due to Defendant's inclusion of various exhibits.

not have enough evidence to carry its burden of persuasion at trial. *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1103-04 (9th Cir. 2000).

If a moving party fails to carry its initial burden of production, the nonmoving party has no obligation to produce anything, even if the nonmoving party would have the ultimate burden of persuasion at trial. In such a case, the nonmoving party may defeat the motion for summary judgment without producing anything. *Id.* at 1102-03 (citations omitted); *see also Mullins v. Crowell*, 228 F.3d 1305, 1313-14 (11th Cir. 2000), reh'g and suggestion for reh'g en banc denied by 251 F.3d 165 (11th Cir. 2001); *Hunter v. Caliber Syst., Inc.*, 220 F.3d 702, 725-26 (6th Cir. 2000).

### III. Discussion

    a.    ***Defendant Zessman's Motion to Dismiss***

Although pro se pleadings are held "to a less stringent standard than formal pleadings by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), Defendant Zessman's Motion to Dismiss cannot be cured by such liberality. Defendant Zessman erroneously asserts that Plaintiff's cause of action is founded on criminal law due to the criminal violations from which Plaintiff initiated this civil litigation. Pursuant to Defendant's reasoning, Plaintiff, as an individual, does not have standing to bring the suit. As seen through Defendant's misguided attempt to cite authority in support of his proposition, Defendant fails to comprehend that this litigation is a civil proceeding in which a private individual has standing to bring suit. *United States v. Brimberry*, 779 F.2d 1339, 1348 (8th Cir. 1985) (victim of a crime has the right to impose a constructive trust over property purchased with stolen funds). Defendant Zessman's motion to dismiss is therefore denied.

  b.  ***Defendant Knight's Motion for Summary Judgment***

  Defendant Knight asserts that he is entitled to summary judgment, as he had no knowledge nor could he have known that the funds used by the Gonce brothers to purchase the real property or the funds used to exchange currency for gold coins bore the stamp of a failed heist. Plaintiff contends that Defendant Knight knew or should have known that the funds used to purchase the gold coins were such proceeds. At this time, however, Plaintiff states that due to circumstances beyond its control it is unable to sufficiently support its assertion and requests, pursuant to Rule 56(f) of the Federal Rules of Civil Procedure, that the Court refuse the application for judgment or, in the alternative, order a continuance so that it may obtain the requisite evidence.[4] A party seeking a continuance under Rule 56(f) must provide an affidavit identifying the unavailable facts and what steps the party has taken to obtain the facts. *Committee for the First Amendment v. Campbell*, 962 F.2d 1517, 1522 (10th Cir. 1992). "Rule 56(f) may not be invoked by the mere assertion that discovery is incomplete or that specific facts necessary to oppose summary judgment are unavailable...." *Pasternak v. Lear Petroleum Exploration, Inc.,* 790 F.2d 828, 833 (10th Cir. 1986). "[T]he party filing the [Rule 56(f)] affidavit must show how the additional time will enable [it] to rebut movant's allegations of no genuine issue of material fact." *Patty Precision v. Brown & Sharpe Mfg. Co.,* 742 F.2d 1260, 1264 (10th Cir. 1984).

  In support of its assertion, Plaintiff attaches an affidavit stating that the Clark County

---

[4] Federal Rule of Civil Procedure 56(f) provides:
  Should it appear from the affidavits of a party opposing the motion [for summary judgment] that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

District Attorney's Office for Clark County, Nevada, where Defendants were charged and adjudged guilty pursuant to plea agreements, refused to release evidence surrounding the heist until final disposition of the case against Defendant Zessman. Plaintiff's Response in Opposition to Defendant Knight's Motion for Summary Judgment or Dismissal, Ex. D at ¶ 3, filed Aug. 22, 2003 (*Doc. 112*). According to the affidavit, Defendant Zessman pleaded guilty on May 21, 2003. *Id*. Although Plaintiff's affidavit fails to mention what, if any, efforts it has made to obtain the receipts and records surrounding the purchases of the real property and the gold coins since Defendant Zessman's guilty plea[5], the Court finds that Plaintiff's request is well-taken, as the affidavit adequately demonstrates that Plaintiff had been unable to obtain facts essential to its case until recently. The Court thus finds sufficient grounds to order a continuance on Plaintiff's Motion for Summary Judgment until after the discovery deadline of January 26, 2004. Defendant will have thirty calendar days from the end of discovery to properly support its response to Plaintiff's Motion.

## IV.   Conclusion

Defendant Zessman's motion is based on the erroneous assertion that Plaintiff lacks standing to sue. As discussed previously, such assertion merely demonstrates Defendant's failure to comprehend civil versus criminal litigation. The Court, therefore, finds Defendant Zessman's Motion to Dismiss not well-taken, and it is denied.

The Court further finds that the reasons set forth in Plaintiff's affidavit sufficiently

---

[5] Plaintiff's affidavit states that on May 14, 2003 its client, Chubb Company, from whom Defendants stole the money, secured an injunction from the Clark County District Attorney's Office enjoining it and the Las Vegas Metropolitan Police Department from disposing of any of the records or from returning any of those items to Defendants.

demonstrate why it could not present facts essential to justify its opposition to Defendant Knight's motion for summary judgment. Pursuant to Rule 56(f), the Court grants Plaintiff a continuance to respond to Defendant Knight's motion.

Wherefore,

IT IS ORDERED that Defendant Zessman's Motion to Dismiss Plaintiff's Complaint, filed September 24, 2003 (*Doc. 118*), is DENIED;

IT IS FURTHER ORDERED that the Court's ruling on Defendant Grover Knight's Motion for Summary Judgment and or Dismissal for Defendant Grover Knight aka Stan Mitchelli and Black Bear Ranch Pursuant to Rule 56 and or Rule 12(b)(6), filed August 4, 2003 (*Doc. 109*) is ordered CONTINUED for thirty calendar days after the discovery deadline in this case.

DATED November 25, 2003.

_____
SENIOR UNITED STATES DISTRICT JUDGE