IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

FEDERAL INSURANCE COMPANY,

    Plaintiff,

vs.                                                                                                                           No. CIV 99-1035 JC/RLP

TERRY ALAN MORE, a/k/a FAIN T. GONCE, ALAN
RICHARD MORE, a/k/a RICHARD ALAN GONCE,
ANDREA THOMAS, a/k/a ANDREA MORE or ANDREA
JANE MORE, WHITE WOLF IRREVOCABLE LIVING
TRUST, ERIC ZESSMAN, LARRY EUGENE FORKER,
STAN MITCHELL, a/k/a GROVER McKNIGHT, BLACK BEAR
RANCH, F.A.C.C.T. TRUST and JAMES V. VIX, TRUSTEE, and
NUTRIOSO LOG WORKS, INC.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

    THIS MATTER comes before the Court on Defendant Grover Knight's ("Stan Michelli") *Motion for Summary Judgment and or Dismissal for Defendant Grover Knight aka Stan Michelli and Black Bear Ranch Pursuant to Rule 56 and or Rule 12(b)(6)*, filed August 4, 2003 (*Doc. 109*). Having reviewed the motion, memoranda and all relevant authorities, the Court being fully advised finds the motion well-taken, and it is therefore granted.

**I.**     **Background**

    In December 1997, in Las Vegas, Nevada, Defendants Eric Zessman, Richard Gonce and Fain Gonce (the "Gonce brothers") robbed the United Coin Machine Company of more than $1,500,000.00 in coins and currency. Defendants Zessman and the Gonce brothers pleaded guilty to

conspiracy and/or commission of the robbery. Plaintiff, Federal Insurance Company of Las Vegas, Nevada, is the insurer of United Coin Machine and reimbursed the company for the entire amount.

The Gonce brothers allegedly came to New Mexico soon after the robbery to purchase land with the stolen funds. These Defendants contacted Defendant Grover Knight, the manager of the Black Bear Ranch, regarding purchasing an interest in the Ranch. In March 1998, the Gonce brothers purchased for approximately $145,000 in cash an undivided interest approximating 103 acres in the Black Bear Ranch. Subsequent to the purchase, Defendant Knight aided the Gonce brothers in creating the White Wolf Trust into which the brothers placed their newly acquired land. At approximately the same time, the Gonce brothers paid Defendant Knight a 10% service fee for aiding them in exchanging $200,000 cash for gold coins.

Plaintiff claims it is entitled to the interest obtained by the Gonce brothers in the Black Bear Ranch, as the Gonce brothers allegedly used the proceeds from the Nevada robbery to purchase the land. Plaintiff also claims that it is entitled to the $20,000.00 service fee paid to Defendant Knight, as he either knew or should have known that the money came from proceeds from the robbery. Defendant Knight asserts that the Gonce brothers told him that they had recently retired and wished to leave Las Vegas, Nevada. They also informed Defendant Knight that the money for the purchase of the land and gold came from their retirement benefits. Defendant Gonce thus claims that he did not nor could not have known that the money used to buy the land and the gold coins came from illegal means.

This is the second time Defendant Knight's motion has come before this Court. In its first Memorandum Opinion and Order regarding Defendant Knight's motion, the Court concluded that Plaintiff had sufficiently articulated a reason why the Court should delay its ruling pursuant to Federal

Rule of Civil Procedure 56(f). *Memorandum Opinion and Order*, 99-cv-1035 (D.N.M. November 25, 2003); *Plaintiff's Response in Opposition to Defendant Knight's Motion for Summary Judgment or Dismissal*, filed Aug. 22, 2003, at 5-7 (*Doc. 112*). The Court, therefore, gave Plaintiff thirty calendar days after the termination of discovery to provide further evidence in support of its response. Discovery concluded on January 26, 2004, which gave Plaintiff until February 25, 2004 to file any additional evidence.[1] Plaintiff failed to file any subsequent evidence with the Court within the time frame. The Court, therefore, will rule on Defendant Knight's motion based on the evidence presently before it.

## II.     Standard of Review

A party is entitled to summary judgment on all or any part of a claim as to which there is no genuine issue of material fact and as to which the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). The moving party has the initial burden of showing that there is no genuine issue of material fact. *Id.* at 256. The movant may discharge this burden by pointing out the absence of evidence to support one or more essential elements of the non-moving party's claim "since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323-25 (1986). Once the moving party has carried its burden under Rule 56(c), the non-moving party must do more than merely show that there is some

---

[1] On January 13, 2004, the Court granted Plaintiff's motion to stay all pretrial deadlines until a personal representative was appointed to represent the estate of Defendant Fain Gonce. *Order Granting Motion to Postpone or Stay All Pre-Trial Deadlines, Pending Appointment of Personal Representative or to Appoint Temporary Representative*, filed January 13, 2004. Approximately a week later the Court filed an order appointing a temporary representative. *Order Appointing Temporary Representative for the Estate of Defendant Fain T. Gonce, A/K/A Terry Alan More, Deceased*, filed January 21, 2004 (*Doc. 133*). There is nothing in the record, however, indicating that the stay affected the discovery deadline.

metaphysical doubt as to the material facts. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The party opposing the motion may not rest on mere allegations or denials of pleading, but must set forth specific facts showing a genuine issue for trial. *Anderson,* 477 U.S. at 248, 256. To meet this burden, the non-movant must specify evidence in the record and demonstrate the precise manner in which that evidence supports its claims. *Gross v. Burggraf*, 53 F.3d 1531, 1546 (10th Cir. 1995). An issue is material only if its resolution could affect the outcome of the action. *Anderson*, 477 U.S. at 248. Unsupported allegations, conclusory in nature, are insufficient to defeat a proper motion for summary judgment. *Id.* If the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial. *Matsushita*, 475 U.S. at 597.

**IV.** **Discussion**

Pursuant to New Mexico statutory law:

> A purchaser of goods acquires all title which his transferor had or had power to transfer...A person with voidable title has power to transfer a good title to a good faith purchaser for value. When goods have been delivered under a transaction of purchase the purchaser has such power even though:
>
> (a) the transferor was deceived as to the identity of the purchaser, or
> ...
> ...
> (d) the delivery was procured through fraud punishable as larcenous under the criminal law.

N.M.S.A. (1978) § 55-2-402. "The good faith seller from which the thief purchases property intends to pass both title and possession of the property sold to the thief, and obtains good title to the money the thief provides." *Newpower v. Boyd (In re Newpower)*, 233 F.3d 922, 930 (6th Cir. 2000).

The questions presented are whether Plaintiff has sufficient evidence to demonstrate that

Defendant Knight was not a good faith seller and thus knew or should have known that the $20,000 he received for facilitating the currency exchange came from illicit means, and whether Defendant Knight gave sufficient consideration in return for his payment. Plaintiff fails to present evidence corroborating the conclusion that Defendant Knight did not act with "honesty in fact in the conduct or transaction concerned." § 55-1-201(19). In support of its argument, Plaintiff merely makes bald accusations that Defendant Knight was not a good faith purchaser under New Mexico law.[2] For example, Plaintiff implies that because the transactions between Defendant Knight and the Gonce brothers were in cash, Defendant Knight should have questioned the source of the money. While such cash transactions could suggest an improper intent, Plaintiff provides no evidence that Defendant Knight's actions denote any knowledge of the source of the money.

Defendant Knight, however, provides a sworn affidavit that he had no knowledge of the bank robbery from which the money came until the arrest of the Gonce brothers. Def.'s Mot., Ex. ___.[3] Defendant Knight also provides the Court a statement dated and signed by both Gonce brothers stating that:

> It is hereby documented that any and all cash used in the transaction whatsoever with Grover Knight, Stan Mitchelli and ALH and Co. have not been derived from any criminal enterprise whatsoever. All funds have come from and by legal means.

*Motion for Summary Judgment and or Dismissal for Defendant Grover Knight aka Stan Michelli and Black Bear Ranch Pursuant to Rule 56 and or Rule 12(b)(6)* (*Def.'s Mot.*), filed August 4, 2003,

---

[2] New Mexico defines good faith as "honesty in fact in the conduct or transaction concerned." N.M.S.A. (1978) § 55-1-201(19)

[3] "As long as an affidavit is 'based upon personal knowledge and set[s] forth facts that would be admissible in evidence,' such averment of a party is legally competent to oppose summary judgment, notwithstanding its inherently self-serving nature." *Williams v. Shields*, 77 Fed. Appx. 501, *2 (unpublished disposition) (10th Cir. Oct. 16, 2003) (quoting *Hall v. Bellmon*, 935 F.2d 1106, 1111 (10th Cir.1991)).

Ex. 3 (*Doc. 109*). Although Plaintiff questions Defendant Knight's incentives regarding the document, Plaintiff provides no contradictory evidence that would raise a genuine issue of material fact.[4]

Due to the requirement that Defendant must be a good faith purchaser for value, Plaintiff's second argument contends that Defendant Knight failed to provide sufficient valuable consideration when he aided the Gonce brothers in exchanging their currency for gold coins. Plaintiff asserts such a "minimal 'service' does not justify the large sum of money he was paid." Pl.'s Resp. at 8. Under New Mexico law, value is defined as when:

> [a] person gives "value" for rights if he acquires them:
> ...
> ...
> (d) generally, in return for any consideration sufficient to support a simple contract....

N.M.S.A. (1978) § 55-1-201(44). Defendant Knight's sworn affidavit concedes that he aided for a fee the Gonce brothers in finding a gold coin company to exchange their currency for gold. Def.'s Mot., Ex.__. There is nothing in the record or case or statutory law, however, to suggest that Defendant Knight's 10% fee does not meet the definition of valuable consideration. In fact, the liberal definition of value under § 55-1-201(44)(d) supports Defendant Knight's contention that the consideration for his services was sufficient for the transaction at issue.

## IV.     Conclusion

Due to Plaintiff's failure to present evidence that Defendant Knight was not a good faith purchaser for value, Defendant Knight's motion is granted.

---

[4] Plaintiff questions the basis behind the document by questioning that "[i]f Knight did not suspect criminal activity, why did he require the Gonces to state in writing that the money did not come from criminal activity?"
*Plaintiff's Response in Opposition to Defendant Knight's Motion for Summary Judgment or Dismissal (Pl.'s Resp.),* filed Aug. 22, 2003, at 8 (*Doc. 112*). Such question without supporting evidence clearly does not meet Plaintiff's summary judgment hurdle.

Wherefore,

IT IS ORDERED that Defendant Knight's *Motion for Summary Judgment and or Dismissal for Defendant Grover Knight aka Stan Michelli and Black Bear Ranch Pursuant to Rule 56 and or Rule 12(b)(6)*, filed August 4, 2003 (*Doc. 109*) is GRANTED.

DATED April 21, 2004.

_____
SENIOR UNITED STATES DISTRICT JUDGE

Attorney for Plaintiff:

    Mark L. Ish, Esq.
    Santa Fe, New Mexico

Defendant appearing *pro se*