## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

FEDERAL INSURANCE COMPANY,

      Plaintiff,

    vs.                                                No. CIV 99-1035 JC/RLP

TERRY ALAN MORE, a/k/a FAIN T. GONCE, ALAN
RICHARD MORE, a/k/a RICHARD ALAN GONCE,
ANDREA THOMAS, a/k/a ANDREA MORE or ANDREA
JANE MORE, WHITE WOLF IRREVOCABLE LIVING
TRUST, ERIC ZESSMAN, LARRY EUGENE FORKER,
STAN MITCHELL, a/k/a STAN MITCHELLI or STAN
MICHELLI or GROVER McKNIGHT, BLACK BEAR
RANCH, F.A.C.C.T. TRUST and JAMES V. VIX, TRUSTEE,
NUTRIOSO LOG WORKS, INC.,

      Defendants.

## <u>MEMORANDUM OPINION AND ORDER</u>

THIS MATTER comes before the Court on Defendant Zessman's *Peremptory Challenge of Magistrate and/or Judge or in the Alternative Motion to Recuse Magistrate from Hearing Any Further Cause in this Action*, filed April 23, 2004 (*Doc. 150*). Having reviewed the motion, memoranda and all relevant authority, the Court finds the motion not well-taken, and it is, therefore, denied.

Defendant Zessman asserts in his motion that this Court must recuse pursuant to 28 U.S.C. §§ 144, 455 due to personal bias. Although the caption of the motion indicates that Zessman requests the recusal of the magistrate judge assigned to this case, his motion fails to mention any alleged bias by the judge. This Court, therefore, will assume Zessman did not intend to include the magistrate judge in his motion.

Disqualification under 28 U.S.C.§ 144 places a substantial burden on the moving party to demonstrate that the presiding judge is not impartial. *United States v. Burger*, 964 F.2d 1065, 1070 (10th Cir. 1992). As part of the motion, the moving party must submit a personal affidavit. § 144. The affidavit claiming personal bias and prejudice must be timely and sufficient. *Id*. "The affidavit must state with required particularity the identifying facts of time, place, persons, occasion, and circumstance" necessitating recusal. *Hinman v. Rogers*, 831 F.2d 937, 938 (10th Cir. 1987). Disqualification will not automatically ensue upon an aggrieved party's filing of the affidavit. *United States v. Bray*, 546 F.2d 851, 857 (10th Cir. 1976).

Zessman's affidavit falls far short of the required burden that it must meet. Having reviewed the affidavit, it is clear Zessman seeks recusal merely due to the Court's denial of his previous motions. "But every motion that I have filed in this court, [sic] concerning this cause of action. Has [sic] been denied by the Honorable John Edwards Conway." *Peremptory Challenge of Magistrate and/or Judge or in the Alternative Motion to Recuse Magistrate from Hearing Any Further Cause in this Action*, filed April 23, 2004, Exhibit No.___ (*Doc. 150*). Zessman also complains that the Court granted Plaintiff an extension of the page limit for exhibits to a motion. Plaintiff filed a motion whose exhibits exceeded the required fifty page limit. Upon Zessman's motion in opposition to Plaintiff's number of exhibit pages[1], the Court wrote a letter to Plaintiff's counsel, which the Court carbon copied to all parties, stating that it must file a formal motion for an extension of the number of pages of exhibits. Zessman contends that due to this Court's letter to Plaintiff's counsel, the Court gave legal advice. Upon a motion for such an extension, however, it is within the court's purview whether to grant or deny the pleading. D.N.M.LR-Civ. 10.5. In the present case, this Court found

---

[1] *Defendant Zessman's Motion to Strike*, filed March 26, 2004 (*Doc. 137*).

good cause to grant the motion. *Order*, filed April 21, 2004 (*Doc. 147*). Zessman has thus failed to establish any basis for bias under § 144.

Zessman also contends that disqualification is required under § 455. Once again, Zessman's argument is not sound. Under § 455, the presiding judge must "inform himself about his personal and fiduciary financial interests." An objective standard governs § 455, such that disqualification is appropriate only where a reasonable person, were he to know all the circumstances, would harbor doubts about the judge's impartiality. *Nichols v. Alley*, 71 F.3d 347, 351 (10th Cir. 1995). Assumptions about a judge's impartiality that have no factual basis are not sufficient for disqualification. *United States v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993).

In the present case, Plaintiff filed a motion whose exhibits exceeded the required fifty page limit. Upon Zessman's motion in opposition to Plaintiff's exceeding the page limit[2], the Court wrote a letter to Plaintiff's counsel, which the Court carbon copied to all parties, stating that it must file a formal motion for an extension of the number of pages of exhibits. Zessman contends that due to this Court's letter to Plaintiff's counsel, the Court gave legal advice. Such contention, however, clearly ignores the spirit of the statute. By no stretch of the imagination would a reasonable person in this instance, who is informed of all the circumstances, find any bias, much less bias rising to the level necessitating recusal.

Wherefore,

IT IS ORDERED that Defendant Zessman's *Peremptory Challenge of Magistrate and/or Judge or in the Alternative Motion to Recuse Magistrate from Hearing Any Further Cause in this Action*, filed April 23, 2004 (*Doc. 150*) is DENIED.

---

[2] *Defendant Zessman's Motion to Strike*, filed March 26, 2004 (*Doc. 137*).

Dated


_____
SENIOR UNITED STATES DISTRICT JUDGE


Attorney for Plaintiff:
        Mark L. Ish, Esq.
        Santa Fe, New Mexico

Appearing Pro Se:
        Defendant Eric Zessman

-4-