IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

FEDERAL INSURANCE COMPANY,

    Plaintiff,

vs.                                              No. CIV 99-1035 JC/RLP

ALAN RICHARD MORE, a/k/a RICHARD ALAN GONCE,
individually and as Personal representative to the Estate of
TERRY ALAN MORE, a/k/a FAIN T.GONCE,(deceased)
WHITE WOLF IRREVOCABLE LIVING TRUST, and
ERIC ZESSMAN,

    Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on Plaintiff's Motion for Partial Summary Judgment, filed March 12, 2004 (*Doc. 135*).

Having reviewed the motion, memoranda, responses thereto, and all relevant authority, the Court finds the motion well-taken and it is, therefore, GRANTED.

**1.   Background**

Plaintiff filed its Complaint on September 15, 1999 (Doc.1) asserting claims for conversion, replevin, injunctive relief and resulting trust against numerous defendants who had an interest in three parcels of land in New Mexico. Plaintiff alleged the parcels had been purchased with monies obtained in an armed robbery in Nevada.

The uncontested facts giving rise to Plaintiff's claims are as follows.

On or about December 28, 1997, Defendants Richard and Terry More and Eric Zessman

1

participated in an armed robbery and/or a conspiracy to commit an armed robbery of United Coin Machine Company ("United Coin") in Las Vegas, Nevada ("the robbery").

They stole approximately 1.6 million dollars.

Plaintiff insured Alliance Gaming Corporation ("Alliance") and its subsidiaries and affiliates, including United Coin. Plaintiff paid Alliance $1,574,795 in full satisfaction of the loss resulting from the robbery.

The More brothers made cash purchases of two parcels of land in New Mexico[1] after the robbery. The cash used for the purchase came from the robbery of United Coin. On March 6, 1998, when the Mores purchased parcel two from the Black Bear Ranch, FACCT, Trust ("the Trust"), it was represented by Defendant Stan Mitchelli as trustee. Mitchelli and the Trust were dismissed with prejudice on June 2, 2004. Pursuant to that dismissal, Mitchelli and the Trust were ordered to execute a quit claim deed to parcel two to Plaintiff. Neither of the Mores ever received an individual deed to parcel two, even though the full purchase price has been paid. Defendant Zessman, by and through Larry Forker and Linda Chancey, purchased a 25.01 acre tract of land near Quemado, New Mexico (parcel three) for $40,000 cash, from proceeds of the robbery Zessman filed, as Exhibit B to his Response to the Motion, an Order from the Supreme Court of Nevada, affirming the district court's restitution award in the amount of $1,574,795, against him. Zessman was ordered to make

---

[1]*Parcel One*: A 127.7 acre tract of land in Catron County purchased for $150,000 cash from the More brothers' trailer. At the time of purchase, they received a warranty deed in the names of Larry Forker and Terry More. Subsequently Forker deeded his interest to Terry More (now deceased). Forker denies any interest in this property and Plaintiff has moved to have him dismissed from this case. Defendant Richard More is personal representative to the estate of Terry More and claims a one half individual interest in this tract.
*Parcel Two*: A 103 acre tract of land in Catron County purchased by the More brothers as trustors of the White Wolf Ranch Family Trust, from the Black Bear Ranch, FACCT, Trust, for $145,000 cash.

restitution directly to Plaintiff.

Plaintiff requests this Court to impose a constructive trust on the three parcels. Former Defendants Forker, Mitchelli and the Trust do not claim any interest in the property. Defendant Terry More is deceased. Defendant Richard More has not responded to this Motion either in his individual capacity, as personal representative of the estate of Terry More or as trustee to the White Wolf Ranch Family Trust. Plaintiff has also presented evidence establishing that parcel three was purchased for Zessman from the stolen monies kept in his trailer under the supervision of Chancey.

Defendant Zessman filed the only Response in Opposition to Plaintiff's Motion. His opposition was limited to Plaintiff's claims to parcel three. Zessman failed to provide any substantive evidence, including in his own affidavit, that the source of the money used to purchase parcel three, came from any source other than the stolen money in own suitcase.

**II.    Legal Standard**

A party is entitled to summary judgment on all or any part of a claim as to which there is no genuine issue of material fact and as to which the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). For purposes of a summary judgment motion, the evidence is viewed in the light most favorable to the non-moving party. *Id*. The moving party has the initial burden of showing that there is no genuine issue of material fact. *Id.* at 256.

Once the moving party has carried its burden under Rule 56(c), the non-moving party must do more than merely show that there is some metaphysical doubt as to the material facts. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The party opposing the motion may not rest on mere allegations or denials of pleading, but must set forth specific facts

showing a genuine issue for trial. *Anderson,* 477 U.S. at 248, 256. To meet this burden, the non-movant must specify evidence in the record and demonstrate the precise manner in which that evidence supports its claims. *Gross v. Burggraf*, 53 F.3d 1531, 1546 (10th Cir. 1995). An issue is material only if its resolution could affect the outcome of the action. *Anderson*, 477 U.S. at 248.

**III      Discussion**

Plaintiff met its burden under Rule 56(c) by providing evidence that the three properties known as parcels one, two and three, located in New Mexico, were all purchased with monies taken in the United Coin robbery.

Plaintiff asks this Court to impose a constructive trust on the three parcels. As held in *United States v. Brimberry,* 779 F.2d 1339, 1348 (8th Cir. 1985), the victim of a crime has the right to impose a constructive trust over property purchased with stolen funds. This Court follows New Mexico law in imposing a constructive trust on real property in New Mexico. *In re Estate of Duran*, 133 N.M. 553, 565, 66 P.3d 326, 338 (2003) *Duran* stated with approval, the language in *Aragon v. Rio Costilla Coop. Livestock Ass'n*, 112 N.M. 152, 156, 812 P.2d 1300, 1304 (1991). "A constructive trust will be 'imposed to prevent the unjust enrichment that would result if the person having the property were permitted to retain it.' . . . Circumstances such as 'fraud, constructive fraud, . . . or other similar, wrongful conduct' may give rise to such a trust. . . . If a court imposes a constructive trust, the person holding legal title is subjected to an equitable duty to convey the property to a person to whom the court has determined that duty is owed." Similarly, in *Flanagan v. Benvie,* 58 N.M.525, 533, 273 P.2d.381, 387 (1954) the court held that "A court of equity will raise a constructive trust, . . . whenever the circumstances of the transaction are such that the person who takes the legal estate may not enjoy the beneficial interest therein, . . . without violating some

4

established principle of equity."

It is stipulated in the Initial Pre-Trial Report that Plaintiff paid its insured for the loss sustained in the robbery and is now subrogated to the extent of its payment and stands in the shoes of the victim for purposes of recovery herein. *J.P. (Bum) Gibbons, Inc. v. Utah Home Fire Ins. Co.*, 202 F.2d 469 (10th Cir. 1953). While Plaintiff did not ask this Court to enforce the Nevada court restitution order against Zessman and parcel three, under the doctrine of full faith and credit, this Court does take notice that there is a Nevada order requiring Zessman to make restitution to Plaintiff in the amount of $1,574,795.  Zessman's appeal of this order to the Nevada Supreme Court was denied. Plaintiff stands in the shoes of the victim in this case and is entitled to have clear title to the properties conveyed to it. *Id* at 473.

No Defendant provided any evidence opposing Plaintiff's motion as it applied to parcels one and two. The basis for Zessman's opposition to Plaintiff's claim to parcel three is his apparent belief that because he entered a *nolo contendere* to the armed robbery charge and pled guilty only to the conspiracy to commit the robbery, the Plaintiff cannot prove that the monies used to purchase parcel three came from the robbery. Zessman failed to provide this Court with any substantive summary judgment evidence sufficient to create an issue of material fact regarding the source of the funds used to purchase parcel three. To the contrary, Zessman provided a copy of an order from the Nevada Supreme Court affirming the Nevada district court's order requiring him to make restitution to the Plaintiff in the amount of $1,574,795.

There is no material fact that would refute Plaintiff's evidence that it stands in the shoes of the victim in this case;  has a subrogation interest in the three parcels of land purchased with stolen monies from the robbery; and it is entitled to have a constructive trust imposed on the three parcels

for its benefit.

Wherefore,

IT IS ORDERED that *Plaintiff's Motion for Partial Summary Judgment (Doc. #135)*, is GRANTED.

DATED August 16, 2004.

_____
SENIOR UNITED STATES DISTRICT JUDGE

Counsel for Plaintiff:

    Mark L. Ish, Esq.
    Felker, Ish Ritchie & Geer, P.A
    Santa Fe, New Mexico 87505

Counsel for Defendants:

    Richard Alan Gonce, a/k/a Alan Richard More, a/k/a Richard Allen More, a/k/a Richard Allen Gonce (Pro Se), Individually; and as P.R. of the Estate of Terry More; and as Trustee for the White Wolf Ranch Family Trust
    3205 Orr Ave.
    North Las Vegas, Nevada  89030

    Eric Zessman  (Pro Se)
    12420 High Desert State Prison
    P.O. Box 650
    Indian Springs, Nevada 89102